IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILDEARTH GUARDIANS**<br>516 Alto Street<br>Santa Fe, NM 87501<br><br>　　　　Plaintiff,<br><br>　　　vs.<br><br>**UNITED STATES FISH AND WILDLIFE SERVICE**<br>1849 C Street, N.W.<br>Washington, D.C. 20240-0001<br><br>　　　　Federal-Defendant. | Case No. 1:16-cv-01983<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELLIEF** |

## INTRODUCTION

1. Plaintiff, WildEarth Guardians ("Guardians") hereby brings this civil action against the above named Federal-Defendant, the United States Fish and Wildlife Service ("the Service") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., for violations of FOIA.

2. This civil action challenges the Service's failure to make a determination on Guardians' March 21, 2016 FOIA request. Guardians' request asked for documents pertaining to the Service's October 6, 2015 finding that the Sonoran desert tortoise (*Gopherus morafkai*) is not warranted for listing under the Endangered Species Act ("ESA"). Since receiving the request, the Service has rebuffed Guardians' repeated attempts to obtain a determination on the request. The Service also refused to provide a date certain by which such a determination will be made and failed to make the requested records "promptly available."

3. Guardians is therefore compelled to pursue this civil action for declaratory and injunctive relief. With this civil action, Guardians requests an order declaring the Service violated FOIA and directing the Service to immediately provide a determination on Guardians' request and provide the documents requested.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 704.

5. Venue is proper pursuant to 28 U.S.C. § 1391, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 703.

6. This Court has authority to issue the relief requested under 28 U.S.C. §§ 2201 and 2202, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. §§ 702 and 706. Guardians has exhausted its administrative remedies. There is a present and actual controversy between the parties.

## PARTIES

7. Plaintiff, WILDEARTH GUARDIANS (Guardians) is a non-profit conservation group headquartered in Santa Fe, New Mexico, with offices in Colorado, Montana, Oregon, Arizona, and California. Guardians' mission is to protect and restore the wildlife, wild places, wild rivers, and the health of the American West. This mission encompasses ensuring the long-term survival and recovery of wildlife throughout the West, including the Sonoran desert tortoise. The documents sought in this action are in furtherance of these efforts. Guardians has more than 168,000 members and supporters. Guardians brings this action on behalf of its members and supporters. Many of Guardians' members and supporters have been and continue to be adversely affected by the Service's actions and/or inactions described in this pleading. The Service has disregarded these members and supporters' rights to be fully informed about why and how the Service did an about face and chose not list the Sonoran desert tortoise as a threatened or endangered species. Without the requested information, Guardians is unable to inform its members and supporters and unable to participate in decisions affecting the species in a meaningful matter. Guardians is also unable to evaluate its legal options and educate the public

on the Service's listing decision or otherwise seek to influence the decision makers. Members and supporters of Guardians have, among other interests, aesthetic, professional, recreational, personal, and spiritual interests in the Sonoran desert tortoise and in ensuring federal agency compliance with important laws, including the Endangered Species Act and FOIA. If this Court issues the relief Guardians requests, the harm to Guardians' members and supporters will be alleviated and/or lessened.

8. Defendant the UNITED STATES FISH AND WILDLIFE SERVICE (the Service) is a federal agency within the United States Department of the Interior. The Service is responsible for agency actions challenged herein.

## FACTS

9. On March 21, 2016 Guardians sent a FOIA request to the Melanie Ruiz, the Service's FOIA coordinator for Region 2. Guardians' FOIA request sought information pertaining to the Service's October 6, 2015 finding that the Sonoran desert tortoise is not warranted for federal listing under the ESA. Guardians' FOIA request asked for a fee waiver. Guardians' request complied with FOIA.

10. On March 23, 2016, the Service (Melanie Ruiz) acknowledged receipt of Guardians' FOIA request via e-mail. Guardians' FOIA request was assigned tracking number FWS-2016-00615 and forwarded to the Service's Arizona Ecological Services Office in Region 2 for processing. The Service notified Guardians that they were placing the FOIA request in the "complex processing track" and taking a 10-workday extension. The Service also notified Guardians that its request for a fee waiver had been approved.

11. In the Service's March 23, 2016 acknowledgment of Guardians' FOIA, the Agency stated that it will do its best to "provide an initial response to [Guardians] on or before the 30-workday due date of April 29th." The Service also stated that they would contact Guardians if they had "any questions while processing [its] request."

12. The Service failed to provide a response on or before April 29, 2016. The Service never contacted Guardians with any additional questions about its FOIA request. The Service did not provide an update on the status of Guardians' FOIA request in May, 2016.

Page 3 – Complaint for Declaratory and Injunctive Relief

13. On June 13, 2016 Guardians contacted the Service, provided the applicable tracking number for its FOIA request, and asked the Service for an update on responding to the FOIA request. On June 13, 2016, Katherine Rutledge, the FOIA coordinator for the Arizona Ecological Service's office responded by sending an e-mail notifying Guardians that their office was "physically moving to a new location" and they would provide an update on the FOIA request "the week of June 20th."

14. The Service never provided an update on the status of Guardians' FOIA request the week of June 20th or anytime thereafter until Guardians contacted the Service on August 1, 2016..

15. On August 1, 2016, Guardians contacted the Service about having never received an update and having yet to obtain a determination on their March, 21, 2016 FOIA request. Guardians asked the Service to please provide a "date certain" for when they could expect to receive a response to their FOIA request.

16. On August 1, 2016, the Service responded by stating that they cannot provide a date certain for making a determination and providing the requested materials. The Service notified Guardians that they have the materials "gathered for review" but declined to provide a date for a determination because there "are a few older FOIAs" ahead of Guardians' request that are also awaiting completion.

17. The Service failed to provide any information to Guardians during the month of August 2016. The Service did not provide an update to Guardians. The Service did not provide a determination on Guardians' March 21, 2016 FOIA request. The Service did not provide the requested documents. The Service never requested additional information from Guardians.

18. The Service failed to provide any information to Guardians during the month of September 2016. The Service did not provide an update to Guardians. The Service did not provide a determination on Guardians' March 21, 2016 FOIA request. The Service did not provide the requested documents. The Service never requested additional information from Guardians about the FOIA request.

19. The Service has yet to provide a determination on Guardians' March 21, 2016, FOIA request. The Service has refused to provide an expected completion date for making a determination and providing the requested documents. The Service is not making records promptly available to Guardians.

## CAUSE OF ACTION

20. Guardians hereby incorporate all preceding paragraphs.

21. Pursuant to FOIA, the Service "shall –[]determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt of any such request whether to comply with such request and shall immediately notify the person making such a request of such determination and the reasons thereof . . . ." 5 U.S.C. § 552(a)(6)(A)(i). If the Service can show "unusual circumstances" this deadline may be extended by no more than "ten working days." 5 U.S.C. § 552(a)(6)(B)(i). The deadline is tolled when the Service makes a "request to the requester for information" until such information is provided by the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I)-(II). The Service is also required to provide an estimated completion date for making a determination on a FOIA request, 5 U.S.C. § 552(a)(7)(B)(ii), and "shall make the records promptly available . . ." to the requester, 5 U.S.C. § 552(a)(3)(A).

22. The Service did not (and has yet to) make a determination Guardians' March 21, 2016 FOIA request. Nor did the Service make a request on Guardians for more information that would toll the deadline. The Service also refused to provide an estimated completion date for Guardians' FOIA request and did not make records "promptly available" to Guardians.

23. The Service's failure to make a determination, refusal to provide an estimated completion date, and failure to make records "promptly available" violates FOIA. The Service's failure to make a determination, refusal to provide an estimated completion date, and failure to make records "promptly available" is also "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and/or constitutes "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 706 (2)(A) and 706 (1).

## REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests this Court:

A.  Declare the Service has violated and continues to violate FOIA as alleged above;

B. Direct the Service to immediately make a determination on Guardians' record request and provide Guardians with the records requested;

C. Retain jurisdiction over this action to ensure the timely processing of Guardians' FOIA request and that no agency records are wrongfully withheld;

D.  Award Guardians their reasonable attorneys' fees, costs and expenses of litigation pursuant to 5 U.S.C. § 552(a)(4)(E) and any other applicable law; and

E.  Issue any other relief this Court deems necessary, just, or proper or relief that Guardians may subsequently request.

Respectfully submitted this 6th day of October, 2016.

/s/ John R. Mellgren
John R. Mellgren (D. D.C. Bar # OR0002)
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon 97401
Ph: (541) 359-0990
mellgren@westernlaw.org

Matthew K. Bishop (MT Bar #9968)
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
Ph: (406) 324-8011
bishop@westernlaw.org
*application for pro hac vice pending*

*Counsel for Plaintiff*